**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**ACTION AUTOMOTIVE, INC., Respondent.**

No. 87–5923.

United States Court of Appeals, Sixth Circuit.

Argued June 14, 1988.

Decided Aug. 2, 1988.

Aileen Armstrong, Deputy Associate General Counsel, N.L.R.B., Washington, D.C., Collis Suzanne Stocking, Christopher Young (argued), Bernard Gottfried, Director Region 7, N.L.R.B., Detroit, Mich., for petitioner.

Stewart J. Katz, Detroit, Mich., for respondent.

Before LIVELY and JONES, Circuit Judges, and PECK, Senior Circuit Judge.

PER CURIAM.

The National Labor Relations Board petitions for enforcement of its decision finding that the respondent employer Action Automotive, Inc. violated § 8(a)(5) and (1) of the National Labor Relations Act by refusing to supply information to Local 876, United Food and Commercial Workers International Union (the union) on request. 284 NLRB No. 36. For the reasons set out herein, we grant enforcement.

I.

In May 1981 Local 40 of the union won Board-conducted elections in separate store

and office units of the respondent's Flint, Michigan operations. Because of the closeness of the votes, the respondent refused to bargain with the union in order to test the certification on appeal. The Board denied the appeal and ordered the respondent to bargain upon request. The Board specified that the certification year would begin when the respondent commenced good faith bargaining with the union. 262 NLRB 423 (1982). This court denied enforcement of that decision and order, but on February 19, 1985, the Supreme Court reversed. *Action Automotive, Inc. v. N.L.R.B.*, 717 F.2d 1033 (6th Cir.1983), *rev'd*, 469 U.S. 490, 105 S.Ct. 984, 83 L.Ed.2d 986 (1985). Thereafter, this court vacated its earlier order and enforced the Board's bargaining order in full. 794 F.2d 213 (1986).

Meanwhile on March 18, 1985, Local 876 informed the respondent that it had merged with Local 40. Local 876 requested the names and addresses of all unit employees and that the respondent bargain with it in compliance with the Supreme Court's decision. The respondent refused the request for names and addresses of unit members and a new unfair labor practice charge was filed on March 20, 1986. In agreement with the administrative law judge who conducted a hearing, the Board found that the respondent violated its duty to bargain in good faith by failing to furnish the requested information. The Board's order requires the respondent to cease and desist from this and other unfair labor practices and from interfering in any way with its employees' § 7 rights, and affirmatively requires it to furnish the requested information and to post a notice.

## II.

In this court the respondent argues that the Board erred in concluding that a large employee turnover and a "massive functional and operational expansion" have not rendered the bargaining units inappropriate. The respondent notes that there has been nearly a 100 percent turnover in employees while the total number of employees in the bargaining units has nearly doubled. It also discusses the fact that a

number of its stores in the Flint area have been relocated and have expanded in size and function.

The respondent emphasizes that it has acted in good faith throughout the period since the election, having succeeded in its appeal to this court from the original bargaining order, and having lost in the Supreme Court by a 6–3 vote. It argues that when an employer does not deliberately create delay, turnover that occurs during good faith efforts to obtain a judicial reversal of Board action should be a factor in determining the continuing appropriateness of a bargaining unit.

The Board contends that this case is controlled by the "certification year" rule which holds that in the absence of unusual circumstances there is an irrebuttable presumption that the union retains majority status for one year after certification following a Board-conducted election. *Brooks v. N.L.R.B.*, 348 U.S. 96, 104, 75 S.Ct. 176, 181, 99 L.Ed. 125 (1954). The Board argues that neither employee turnover nor operational changes and expansion are such "unusual circumstances" as to create an exception to the certification year rule in this case. Since the respondent has never engaged in good faith bargaining with the union, the certification year has not yet begun.

## III.

In *N.L.R.B. v. Washington Manor, Inc.*, 519 F.2d 750, 753 (6th Cir.1975), this court stated that "[a] high turnover of employees unaccompanied by objective evidence that new employees do not support the union is no evidence of loss of majority status by the union." In *Fotomat Corp. v. N.L.R.B.*, 634 F.2d 320 (6th Cir.1980), the employer argued that a 50 percent increase in work locations and employees and a "massive turnover" of employees following a representation election justified a reasonable doubt as to the union's majority status. The court adhered to its requirement that there be objective evidence of loss of majority support for the union as enunciated in *Washington Manor*. *Id.* at 327. It dealt with the expansion claim as follows:

The plain answer to this claim is that the bargaining unit specified in the Board's order is limited to the employees at the 26 Fotomat locations which were in operation at the time of the election. These 26 locations are specifically listed in the Board's description of the bargaining unit which the union is certified to represent. Thus the election and the certification of the union have no effect on the employees at the new Fotomat locations.

*Id.* Applying this reasoning, the respondent's claim of massive expansion is unpersuasive since the certification affects only present employees at the locations in existence when the election was held. Those employees are presumed to adhere to the union for one year from the time the respondent begins good faith bargaining. As we understand the record all nine Flint area stores in existence at the time of the election are still in operation, and the six new Flint area stores are not covered by the certification.

Our decision in *N.L.R.B. v. Frederick's Foodland, Inc.,* 655 F.2d 88 (6th Cir.1981), does not require a contrary result. In that case the union had lost a representation election. The Board then issued a bargaining order on the basis of a finding of pervasive unfair labor practices. This court denied enforcement of the bargaining order, finding that the unfair labor practices would not prevent a fair election. Among the factors considered by the court were a large increase in the number of employees occasioned by the opening of a new store, and the passage of time since the first election. The "certification year" rule did not apply in *Frederick's Foodland,* and a new election could be held at any time. Those conditions do not exist in the present case.

The respondent relies on two Board decisions in support of its "massive expansion" argument. Both, however, involved truly unusual circumstances that are not present in this case. *Westinghouse Electric & Manufacturing Co.,* 38 N.L.R.B. 404 (1942), concerned an extraordinary increase in the number of employees at a defense plant in the early months of World War II.

There was a contest between two unions desiring to represent the employees and the Board made an exception to its usual rule of not entertaining a petition for investigation and certification within one year of the issuance of a certification "in view of the circumstances." *Id.* at 409. *Renaissance Center Partnership,* 239 N.L.R.B. 1247 (1979), involved the consolidation of two units during the certification year. One of the units had been represented by a union, while the other, which was a larger unit, had been non-union. The Board found that the previously certified unit was no longer appropriate because the employees who would be added would "numerically overshadow[ ]" the existing unit. *Id.*

As the Board points out in its brief, neither *Westinghouse* nor *Renaissance Partnership* involved employer refusals to bargain. The exception to the certification year rule permitted in those two cases applies only when the Board, because of unusual circumstances, considers a formal petition for an election filed during the certification year, not when an employer has resorted to "self-help" by refusing to bargain. In *Brooks,* the Supreme Court declined to recognize an employer's right to refuse to bargain because of doubts about a certified union's continuing majority status, stating:

> If an employer has doubts about his duty to continue bargaining, it is his responsibility to petition the Board for relief, while continuing to bargain in good faith at least until the Board has given some indication that his claim has merit. Although the Board may, if the facts warrant, revoke a certification or agree not to pursue a charge of an unfair labor practice, these are matters for the Board; they do not justify employer self-help or judicial intervention.

348 U.S. at 103, 75 S.Ct. at 181 (footnote omitted).

The decision and order of the Board are enforced.